## ASCHENBACH v. HERRIN TRANSFER & WAREHOUSE CO. et al.
### No. 14625.

Court of Appeal of Louisiana. Orleans.
March 12, 1934.

Eraste Vidrine, of New Orleans, for appellants.

Denegre, Leovy & Chaffe and J. H. Morrison, all of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff, as head and master of the community existing between himself and Mrs. Carrie Williams Aschenbach, brings this suit, seeking to recover from defendants remuneration for the damage sustained by the automobile belonging to the said community and also for medical expenses and other losses which resulted to the said community as the result of the automobile accident which we have discussed in an opinion rendered by us to-day in the matter of Mrs. Carrie Williams Aschenbach v. Herrin Transfer & Warehouse Co. et al., 153 So. 313. Since we held that Mrs. Aschenbach, the driver of the car, was in no way at fault and that the accident was attributable solely to the negligence of the driver of the truck of defendant Herrin Transfer & Warehouse Company, the only question now before us in this case is the amount to be awarded to Mr. Aschenbach. In the court below judgment was rendered in his favor for $427.65.

We have carefully studied the evidence and agree with the trial judge on all the items of damage approved by him except in certain minor particulars.

The amount awarded for damage to the automobile was $235, although we cannot find proof in the record of damage in excess of $225.90. We also find awarded below $35 for X-ray bills at Touro Infirmary and hospitalization charge; whereas, so far as we can find, the proof shows only $30. Deducting these items would leave $413.55 as the total of the items which we find to have been correctly allowed by the district court. But we believe that there should have been an additional allowance of $25 for depreciation in the value of the automobile. The evidence plainly shows that, even had the repairs been made in accordance with the estimate furnished, the automobile would not have been worth as much as it was worth before by at least $25. This amount should, therefore, be added, making a total award of $438.55.

Defendant contends that the amount awarded for repairs to the automobile is excessive, and it bases this contention on the fact that another garage owner estimated the cost of making the repairs at a somewhat smaller figure. We believe, however, that the larger amount was correctly allowed. The larger estimate was made by a reputable concern after a careful investigation and after the preparation of an itemized list of necessary repairs.

The judgment appealed from is amended by increasing the amount thereof to $438.55, and as thus amended it is affirmed, at the cost of appellant.

Amended and affirmed.